IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
Southern Division

| | |
|---|---|
| **Juan and Delphina Luna,** on behalf of themselves and others similarly situated,<br><br>Plaintiffs;<br><br>v.<br><br>**Adkin's Blue Ribbon Packing Company, Inc.,**<br><br>Defendant. | Case No. 1:21-cv-545<br><br>Hon. Hala Y. Jarbou<br>Magistrate Judge Ray Kent |

| | |
|---|---|
| Teresa Hendricks (P46500)<br>Benjamin O'Hearn (P79252)<br>Molly Spaak (P84730)<br>Migrant Legal Aid<br>Attorneys for Plaintiffs<br>1104 Fuller Ave. NE<br>Grand Rapids, MI 49503-1371<br>Phone: (616) 454-5055<br>thendricks@migrantlegalaid.com<br>bohearn@migrantlegalaid.com<br>mspaak@migrantlegalaid.com | Brion B. Doyle (P67870)<br>VARNUM LLP<br>Attorneys for Defendant<br>Bridgewater Place<br>P.O. Box 352<br>Grand Rapids, MI 49501-0352<br>(616) 336-6000<br>bbdoyle@varnumlaw.com |

**Final Approval Order and Judgment**

This case came before the Court for a fairness hearing of the proposed class action settlement on November 16, 2022, at the United States District Court for the Western District of Michigan, 315 W Allegan St, Lansing. The Court gave all parties and interested persons an opportunity to be heard. Based on the submissions of the parties, the statements of counsel, the fairness of the settlement's terms, and for the reasons stated on the record, **IT IS ORDERED THAT:**

      1.      This Court grants final approval of the Settlement Agreement, without limitation,

the releases included in it, and finds that the settlement is in all respects fair, reasonable, adequate, and in the best interests of all those affected by it. No class member has objected, and no class member has opted out. The joint motion for approval of class action settlement (ECF No. 33) is **GRANTED**.

2.     This Court has jurisdiction over Plaintiffs Juan and Delphina Luna, the members of this Class, Defendant Adkin's Blue Ribbon Packing Company, Inc., and the claims asserted in this lawsuit.

3.     The Court finds that the parties entered into the Settlement Agreement in good faith, following arms-length negotiations, and that it was not collusive.

### Class Certification

4.     On July 26, 2022, under Federal Rule of Civil Procedure 23, the Court entered an order preliminarily approving the class action settlement (ECF NO. 28).

5.     The Preliminary Approval Order defined the class as:

> All migrant and seasonal agricultural workers employed at Adkin's Blue Ribbon Packing Company, Inc. to harvest blueberries in 2019.

6.     The Preliminary Approval Order also appointed Juan and Delphina Luna as Class Representatives, and appointed attorneys Teresa Hendricks, Benjamin O'Hearn, and Molly Spaak as Class Counsel.

### Class Notice

7.     The Court finds that the class administrator timely sent notices to class members. Parties submitted the Declaration of Benjamin O'Hearn (ECF No. 34-1) to demonstrate that the "Notice of Proposed Class Action Settlement" (the Notice) was sent to the members of the Class

as ordered in the Preliminary Approval Order. The Court finds that the Notice and the process by which it was sent fully complied with the requirements of Rule 23 and due process under the United States Constitution, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

## Objections and Opt-Outs

8. No class member has filed and objection to the settlement.

9. No class member has opted out of the class.

## Class Compensation

10. The Parties agreed in the Settlement Agreement that Defendant will pay $125,000 to the settlement fund. After payment of service awards, attorney fees, and administration fees, there will be a minimum of $98,000 in class funds. Each participating class member will receive a share of the funds based on their actual and liquidated damages, as well as damages under the Migrant and Seasonal Agricultural Worker Protection Act. Each class member will receive the share as determined by Class Counsel in ECF No. 34-1, PageID.182-184.

11. If any money remains in the Settlement Fund after full distribution to all Class Member Claims, incentive awards, attorney fees, and administration fees, the funds shall be distributed to Telamon Corporation, a 501(c)(3) charitable organization.

## Service Award, Attorneys' Fees and Costs, and Settlement Administration Costs

12. The Court approves and awards service awards to the Class Representatives in the amount of $1,000.00 each to Juan Luna and Delphina Luna.

13. The Court approves and awards attorneys' fees and costs, as well as settlement administration fees and costs, to Class Counsel in the amount of $25,000. The fees are reasonable both under the common fund doctrine, as well as the lodestare method. Accordingly, the unopposed motion for attorney fees (ECF No. 35) is **GRANTED**.

### Releases and Dismissal

14. All claims or causes of action of any kind by Plaintiffs and all Class members against the Defendant shall be forever barred and released under the terms of the releases set forth in the Parties' Settlement Agreement.

15. All claims or causes of action of any kind by Defendant against Plaintiffs and all Class members shall be forever barred and release under the releases set forth in the Parties' Settlement Agreement.

16. This lawsuit is dismissed with prejudice as to Plaintiffs and all members of the Class and without fees or costs except as provided above.

### Other Provisions

17. The Court expressly adopts and incorporates all the terms of the Settlement Agreement (ECF No. 24-1) by reference here.

18. The Court retains continuing jurisdiction over this action, Plaintiffs, all members of the Class, and Defendant to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including, without limitation, their administration, implementation, interpretation, or enforcement.

19. The Parties to the Settlement Agreement shall carry out their respective

obligations under it.

20.     The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment.

**IT IS SO ORDERED.**

Dated:  November 16, 2022             /s/ HALA Y. JARBOU
                                      Hala Y. Jarbou
                                      Chief United States District Judge